Robert H. DOUGHERTY, Thomas Cotter and David F. Robinson, Individuals, Plaintiffs,

v.

CHRYSLER MOTORS CORPORATION, a foreign corporation, Chrysler Corporation Pension Plan, an Employee Benefit Plan, Defendants.

Civ. A. No. 86-73281.

United States District Court, E.D. Michigan, S.D.

Feb. 19, 1987.

Donald J. Gasiorek, David A. Kotzian, Sommers, Schwartz, Silver & Schwartz, P.C., Southfield, Mich., for plaintiffs.

Robert P. Young, Jr., Michael V. Perry, Dickinson, Wright, Moon, Van Dusen & Freeman, Detroit, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

FEIKENS, District Judge.

Robert Dougherty ("Dougherty"), Thomas Cotter ("Cotter"), and David Robinson ("Robinson") (collectively, "plaintiffs") claim their former employer, Chrysler Motors Corporation ("Chrysler"), and the Chrysler Corporation Pension Plan ("Chrysler Plan") (collectively, "defendants"), breached their fiduciary duty under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1144. Defendants move for summary judgment. I have jurisdiction pursuant to 28 U.S.C. § 1331.

On July 1, 1980, Chrysler created Chrysler Defense, Inc. ("CDI"), a wholly owned subsidiary, and transferred all defense operations to it. The Chrysler Plan covered CDI employees until March 2, 1982, when Chrysler created a separate CDI Plan. To the CDI Plan Chrysler transferred pension liability for CDI employees and for retirees from any Chrysler plant incorporated into CDI. Chrysler simultaneously transferred assets from the Chrysler Plan sufficient to provide accrued benefits equal to those prescribed by the Chrysler Plan at the time of transfer.

On March 16, 1982, Chrysler sold CDI, including the assets and liabilities of the CDI Plan, to General Dynamics Corporation ("General Dynamics"). General Dynamics renamed CDI the General Dynamics Land Based Systems Division ("GDLSD"), and the CDI Plan the GDLSD Plan. Accrued benefits under the GDSLD Plan were equal to those under the Chrysler Plan in effect at the time of transfer.

Plaintiffs worked in Chrysler's defense operations: Dougherty retired in 1979 as a Chrysler employee; Robinson retired in 1983 as a GDLSD employee; Cotter is still working for GDLSD. The GDLSD Plan holds the assets and bears the liability for each plaintiff's pension. Plaintiffs complain that benefits under the GDLSD Plan have not increased since 1982 even though benefits under the Chrysler Plan have increased. They claim that defendants should not have sold CDI to General Dynamics without ensuring that benefits under the GDLSD Plan would increase at the same rate as benefits under the Chrysler Plan. Defendants contend they discharged their duty by ensuring that the GDLSD Plan received sufficient assets to provide the same accrued benefit prescribed by the CDI and Chrysler Plans at the time of transfer.

Plaintiffs rely exclusively on 29 U.S.C. § 1104(a)(1)(A):

[A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and ... for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan....

This section does not require Chrysler to guarantee benefit increases for its former employees now covered by the GDLSD Plan; it protects only vested benefits. *See Sutton v. Weirton Steel*, 567 F.Supp. 1184, 1201 (N.D.W.Va.1983) ("[W]hen a corporate employer negotiates the terms of sale of a division, whose employees are participants in a pension plan, the negotiations that affect the terms and conditions of future [non-vested] pension benefits ... do not implicate fiduciary duties...."), *aff'd*, 724 F.2d 406 (4th Cir.1983), *cert. denied*, 467 U.S. 1205, 104 S.Ct. 2387, 81 L.Ed.2d 345 (1984); *Phillips v. Amoco Oil*, 614 F.Supp. 694, 717 (N.D.Ala.1985) ("The fiduciary duty provisions of ERISA are not implicated in the sale of a business or a portion of a business merely because the terms of the sale will affect the terms and conditions of contingent future retirement benefits."), *aff'd*, 799 F.2d 1464 (11th Cir.1986); *Coleman v. General Electric*, 643 F.Supp. 1229, 1238–1239 (E.D.Tenn.1986) (no breach of ERISA's fiduciary duty where an employer eliminated non-vested benefits upon the sale of a portion of its business).

Defendants satisfied their only obligation by complying with 29 U.S.C. § 1058:

A pension plan may not merge or consolidate with, or transfer its assets or liabilities to, any other plan ... unless each participant in the plan would (if the plan then terminated) receive a benefit immediately after the merger, consolidation, or transfer which is equal to or greater than the benefit he would have been entitled to receive immediately before the merger, consolidation, or transfer (if the plan had been terminated).

Plaintiffs admit that defendants satisfied this requirement.

Accordingly, defendants' motion for summary judgment is GRANTED.

IT IS SO ORDERED.